UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON ISTRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14 CV 1380 DDN |
| | ) |
| MIRAMED REVENUE GROUP, LLC., | ) |
| VIRTUAL RECOVERY, LLC, and | ) |
| TONY MIRA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendants Miramed Revenue Group, LLC ("MRG"), Virtual Recovery, LLC, and Tony Mira to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court heard oral argument on September 25, 2014.

**I. BACKGROUND**

On July 3, 2014, plaintiff Jason Istre commenced this action in the Circuit Court of Jefferson County, Missouri. Defendants removed this action to this court pursuant to 28 U.S.C. § 1441 for federal question jurisdiction. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., upon which plaintiff's claims are based, provides this court subject matter jurisdiction without regard to the amount in controversy. 15 U.S.C. § 1692k(d).

According to plaintiff's factual allegations, the following occurred. Plaintiff, a "consumer" for purposes of the FDCPA, resides in Missouri and has debts for medical

services he received. (Doc. 7 at ¶¶ 4-5.) In mid-June 2014 plaintiff retained an attorney to represent him regarding his debts, including those which defendants are attempting to collect from him. (Id. at ¶ 15.) Shortly after retaining legal counsel plaintiff phoned defendant MRG to ask about the debt and to inform MRG that he had retained counsel regarding the debts MRG was trying to collect. (Id. at ¶ 17.) At the beginning of this phone call plaintiff told MRG he had retained counsel for this debt. (Id. ¶¶ 19-20.) MRG did not end the call at this point, but rather asked plaintiff, "why are you having a lawyer involved in this?" (Id. at ¶ 23) Plaintiff repeated that he hired counsel with respect to this debt, to which MRG responded "So how are you going to go about this?" (Id. at ¶ 24-25.) MRG also asked plaintiff to set up a payment plan and again asked why he had retained counsel. (Id. at ¶ 27-28.) Only after plaintiff stated again that he had retained counsel regarding his debt did MRG request the lawyer's contact information, which plaintiff provided immediately. (Id. at ¶¶ 29-31.)

Upon these alleged facts, plaintiff alleges defendants attempted to collect a debt from him after being informed of his representation by counsel, in violation of 15 U.S.C. § 1692c, and that defendants engaged in "harassing, abusive, and unconscionable conduct" in violation of §§ 1692d-f. (Id. at ¶ 36.)

Plaintiff seeks release from the alleged debt, compensatory damages, costs, and reasonable attorney's fees, pursuant to section 1692k. (Id. at 6)

## II.  MOTION TO DISMISS

Defendants move to dismiss, arguing that plaintiff fails to state a claim under the FDCPA. F. R. Civ. P. 12(b)(6). Plaintiff argues that case law supports his interpretation of the FDCPA's restrictions on debt collectors' communications with consumers. Defendants also argue that plaintiff's pleadings are mere legal conclusions rather than factual allegations. Plaintiff counters that pleadings merely need to give defendants fair notice of his claims and the grounds upon which they rest, a standard he has met. (Docs. 8-10, 12.)

### III.  MOTION TO DISMISS STANDARD

A motion to dismiss under F. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint.  See Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. The pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### IV.  DISCUSSION

Plaintiff seeks relief for alleged violations of four sections of the FDCPA, 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692f.

#### Claim under § 1692c

Defendant argues that plaintiff fails to allege facts that support a violation of 15 U.S.C. § 1692c. Plaintiff argues that any communication by defendants after they learned of his hiring counsel violates § 1692c(a)(2), which provides in relevant part:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
. . .
(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c.

Defendants argue that, by initiating the call to MRG, plaintiff consented to the ensuing discussion about his debt, citing the introductory phrase of § 1692c(a): "Without the prior consent of the consumer given directly to the debt collector . . . ." 15 U.S.C. § 1692c(a).

The court agrees with plaintiff that the mere fact he initiated the phone call is not conclusive that he thereby consented to the debt collector saying to plaintiff what plaintiff alleges. Without that consent by plaintiff, once notified that he has legal representation, defendants may only ask for the attorney's contact information before ending the call. See Robin v. Miller & Steeno, P.C., No. 4:13 CV 2456 SNLJ, 2014 WL 3734318 at *2 (E.D. Mo. July 29, 2014).

"The purpose of the FDCPA is 'to eliminate abusive debt collection practices by debt collectors, § 1692k(a),' and debt collectors are liable for failure to comply with 'any provision of the Act.'" Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006). The FDCPA provides for strict liability and is to be construed liberally to protect consumers. Hinten v. Midland Funding, LLC, No. 2:13 CV 54 DDN, 2013 WL 5739035 at *5 (E.D. Mo. Oct. 22, 2013). In order to sustain a claim against a debt collector under the FDCPA, a plaintiff must prove:

> 1) plaintiff has been the object of collection activity arising from a consumer debt; 2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

O'Conner v. Credit Prot. Ass'n LP, No. 4:11 CV 2187 SNLJ, 2013 WL 5340927 at *6 (E.D. Mo. Sept. 23, 2013); see also Campbell v. Credit Prot. Ass'n, L.P., No. 4:12 CV 289 AFG at *4 (E.D. Mo. Mar. 27, 2013).

This district court in Robin considered that plaintiff initiated the call, but stated that after inquiring about a bankruptcy case number, the defendant should have ended the call immediately. 2014 WL 3734318 at *2. The plain language of the statute confirms this interpretation:

> . . . a debt collector may not communicate with a consumer in connection with the collection of any debt--
>
> . . .
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . .

15 U.S.C. § 1692c(a)(2).

The facts alleged by plaintiff state a claim to relief under § 1692c that is plausible on its face.

### Claims under §§ 1692d and f

Defendants argue that plaintiff's claims under §§ 1692d and 1692f are generic repetitions of plaintiff's § 1692c claim. Plaintiff argues the defendants' conduct, after being notified of his legal representation, constituted harassment, oppression, or abuse, under § 1692d; and was unfair or unconscionable under § 1692f. Sections 1692d and f provide, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d.

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

The FDCPA was enacted "to ensure that 'every individual, whether or not he owes the debt, has a right to be treated in a reasonable or civil manner.'" Pratt v. CMRE Fin. Servs., No. 4:14 CV 2332 CEJ, 2011 WL 1212221 at *2 (E.D. Mo. Mar. 30, 2011) (quoting Meadows v. Franklin Collection Service, Inc., 2011 WL 479997 at *2 (11th Cir. 2011)). Whether or not a practice is harassing, abusive, false, misleading, or unfair is viewed from the eyes of the unsophisticated consumer. Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002); Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir.

2000).  Furthermore, such allegations are normally questions for the trier of fact. Pratt, 2011 WL 1212221 at *2.

Plaintiff argues that the repeated statements by defendants regarding his hiring of a lawyer and the alleged insistence on payment or the making of a payment plan were harassing, oppressive or an abusive method to collect the debt.  Whether or not these alleged statements are sufficient is an issue of fact assessed through the lens of an unsophisticated consumer by the trier of fact. The court concludes plaintiff has sufficiently plead facts that meet the Twombly standard regarding a violation of § 1692d. The motion to dismiss is denied as to the § 1692d claim.

Plaintiff argues that the same repeated statements by defendants also constitute an unfair or unconscionable means to collect a debt, in violation of § 1692f.  Once again, the trier of fact would use the unsophisticated consumer standard to evaluate defendants' alleged words.  The court concludes plaintiff has pled facts sufficient to state a claim for relief under § 1692f that is plausible on its face.  The motion to dismiss plaintiff's § 1692f claim is denied.

## Claim under § 1692e

Plaintiff argues that the defendants' alleged actions are false or misleading statements and a violation of § 1692e, which states in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . [none of the listed 16 items of conduct applies to defendants' alleged actions].

15 U.S.C. § 1692e.

In the context of plaintiff's factual allegations, to invoke the protection of § 1692e, plaintiff must allege that defendants made a "false, deceptive, or misleading representation" of fact that related to the plaintiff's debt.  While § 1692e does not expressly prohibit the defendant debt collector from making a false, deceptive, or misleading statement of fact, it includes 16 examples of violations of the section, each of

which requires the expression of a fact by the debt collector. 15 U.S.C. § 1692e(1)-(16). The alleged statements by defendants, according to plaintiff, were: "why are you having a lawyer involved in this", "so how are you going to go about this", a request that plaintiff set up a payment plan, and a question why plaintiff hired counsel. It is inescapable that plaintiff must allege that defendants made a false, deceptive, or misleading representation *of a fact*, in order to state a claim plausible on its face under § 1692e in this case. No such statement of fact by defendant is alleged and plaintiff's claim under § 1692e must be dismissed.

## V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants to dismiss (Doc. 8)

(a) regarding claims under 15 U.S.C. § 1692c, § 1692d, and § 1692f is denied; and
(b) regarding the claim under 15 U.S.C. § 1692e is sustained.

Plaintiff's claim under 15 U.S.C. § 1692e is dismissed without prejudice.

　　　　　　　　　　　　　　　　　　　／S／　David D. Noce　　　　　　　
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on October 7, 2014.