UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON ISTRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14 CV 1380 DDN |
| | ) | |
| MIRAMED REVENUE GROUP, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This action is before the court on the motions of plaintiff Jason Istre and defendant Miramed Revenue Group, LLC (MRG) for summary judgment. (Docs. 22, 25.) The court heard oral argument on February 9, 2014.

On July 3, 2014, plaintiff Jason Istre commenced this action in the Circuit Court of Jefferson County, Missouri. Defendants removed this action to this court pursuant to 28 U.S.C. § 1441 for federal question jurisdiction. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., upon which plaintiff's claims are based, grants this court subject matter jurisdiction without regard to the amount in controversy. 15 U.S.C. § 1692k(d). Plaintiff alleges two claims for relief against defendant Miramed Revenue Group (MRG): (1) MRG, a debt collector, attempted to collect a debt from debtor plaintiff, after its agent knew plaintiff was represented by counsel, in violation of FDCPA § 1692c(a)(2); and (2) MRG's agent used harassing, oppressive, abusive, and unconscionable language in its attempt to collect the debt, in violation of FDCPA §§ 1692d and 1692f.

Plaintiff seeks partial summary judgment that MRG is liable on his § 1692c(2)(a) claim. MRG cross-moves for summary judgment on both of plaintiff's claims. Courts must grant summary judgment when the pleadings and evidence demonstrate that no

genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986); Torgerson v. City of Rochester, 643 F.3d 1031, 1052 (8th Cir. 2011) (en banc). A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor of the nonmoving party. Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011). The court must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences. Scott v. Harris, 550 U.S. 372, 378 (2007).

## UNDISPUTED RECORD

The material facts are without genuine dispute. Defendant MRG is a debt collector regulated by the FDCPA. Plaintiff is an individual consumer who incurred the debt at issue for medical services received. MRG sent plaintiff a collection letter in December 2013 identifying itself as a debt collector seeking to collect the debt at issue in this case. In June 2014, plaintiff hired a lawyer, C. Scott Brinkman, to represent him on this and other debts. Sometime after that, plaintiff hired Richard Voytas, Esq., his current counsel of record.

On whether or not defendant violated the Act, the undisputed material facts involve a recorded telephone conversation in which plaintiff and MRG's agent participated in June 2014. Plaintiff initiated the call to MRG from his lawyer's office, with counsel present. Both parties have, without objection, submitted audio recordings of this conversation. The court has listened to both recordings which indicate the following:

[The recording begins with the MRG agent asking for plaintiff's debt identification information and plaintiff providing it. Then the MRG agent states:

> MRG: Let me just keep you informed that all calls may be recorded for quality . . . training purposes. This is an attempt to collect the debt and any information obtained will be used for that purpose. So, how can I help you today, sir?

| | |
|---|---|
| Istre: | I have about a -- I'm getting letters from ya'll and I got about twenty collectors all coming after me. I'm realistically not going to be able to pay everyone what they want. |
| MRG: | OK. |
| Istre: | What happens if I just can't pay? Do ya'll garnish my wages? |
| MRG: | No, sir. We do not do that. We don't garnish your wages. We just notate the information and inform my client that you're unable to pay. But if you're willing to take care of the bill, we can give you a settlement on the bill and have it closed out. We can offer you a discount, which you can afford to pay and that would close out the collection and remove your name from some of those notices. |
| Istre: | I can't pay. |
| MRG: | All right. You wouldn't be able to make small payments either? |
| Istre: | No, sir. |
| MRG: | All right. So you're unemployed? |
| Istre: | Yes, sir. |
| MRG: | You're unemployed? |
| Istre: | Yes, sir. |
| MRG: | All right. So, how long have you been unemployed, sir? |
| Istre: | Uhhh, I hired a lawyer to advise me on this debt. |
| MRG: | OK. All right, why do you have a lawyer involved in this who helps you out? Is it some kind of debt [unintelligible] program? |
| Istre: | He's advising me on my debt. |
| MRG: | So, how you going to go about this bill, sir? |
| Istre: | I don't know. |
| MRG: | All right, sir. The bill is still outstanding. It is still about 4,266 dollars. You wouldn't be able to make small payments either? |
| Istre: | No, sir. |
| MRG: | Correct. So, we'll make a note of it, sir. |

| | |
|---|---|
| Istre: | OK. You want my lawyer's information? |
| MRG: | OK. Why you have an attorney? Are you filing for bankruptcy something or was this in regards to . . . ? |
| Istre: | Ah, I don't know. I have twenty collectors coming at me. I need advice. I have my lawyer to give me advice on all my debt. |
| MRG: | All right. Just give me a minute. [Pause] All right. Can I have your attorney's name? |
| Istre: | Yes, sir. It is Scott Brinkman. B-R- . . . . [unintelligible]. |
| MRG: | You said his name is? |
| Istre: | His name is Scott Brinkman, B-R-I-N-K-M-A-N. |
| MRG: | I am sorry, sir. Your voice is breaking up. Can you spell that out once again for me, please? |
| Istre: | B-R-I-N-K-M-A-N. |
| MRG: | All right. Brinkman, right? |
| Istre: | Yes, sir. |
| MRG: | All right. And the telephone number would be . . . ? |
| Istre: | [States phone number.] |
| MRG: | All right, sir. We'll contact your attorney, OK? |
| Istre: | All right. Thanks. |
| MRG: | Thank you. Bye. |
| [End of phone call.] | |

## **DISCUSSION**

Plaintiff argues the MRG agent violated 15 U.S.C. §1692c(a)(2) by the words he spoke after he was made aware that plaintiff was represented by legal counsel. MRG argues that, because plaintiff's attorney was present with plaintiff during this phone conversation, plaintiff and his attorney consented to the MRG agent's continuing the conversation as he did. Therefore, MRG argues that plaintiff's § 1692c(a)(2) claim lacks the essential element that plaintiff and his attorney did not consent to the MRG agent's

continued statements, after he learned of plaintiff's hiring a lawyer. Plaintiff counters that MRG's consent defense is without merit, because the court previously concluded consent was not at issue when it denied defendant's motion to dismiss. Alternatively, plaintiff argues that consent is an affirmative defense and that defendant waived it by failing to sufficiently allege it in defendant's answer.

Defendant cross-moves for summary judgment on plaintiff's second claim under §§ 1692d and 1692f. Defendant argues that, because it did not violate § 1692c(a)(2), none of the statements MRG's agent made during the June 2014 phone conversation was "harassing, oppressive, or abusive" or an "unfair or unconscionable means to collect or attempt to collect a debt," as required by §§ 1692d and 1692f.

## 15 U.S.C. § 1692c(a)(2)

The FDCPA is generally concerned with the activities of debt collectors. 15 U.S.C. § 1692; McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 913 (8th Cir. 2014). The FDCPA is a strict liability statute and a consumer need not show intent, only that a violation occurred. Campbell v. Credit Prot. Ass'n., L.P., No. 4:12 CV 00289 AFG, 2013 WL 1282348, at *4 (E.D. Mo. 2013). By using an unsophisticated consumer standard, the FDCPA protects all consumers. Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002).

To establish a violation of the FDCPA a plaintiff must allege and prove: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; and (3) the defendant has violated a provision of the FDCPA. Campbell, 2013 WL 1282348, at *4; Pace v. Portfolio Recovery Assocs., LLC, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012). Only element (3) is at issue here.

For element (3) plaintiff alleges defendant violated FDCPA § 1692c(a)(2), which provides:

(a) Communication with the consumer generally.

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction,

> a debt collector may not communicate with a consumer in connection with the collection of any debt--
>
> * * *
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .

15 U.S.C. § 1692c(a).

In the factual circumstances of this case, the court need not decide whether plaintiff or defendant has the burden of pleading and proving whether or not plaintiff and/or his counsel consented to what MRG's agent is alleged to have done to violate the Act.[1] This is because the undisputed material facts establish that no consent by plaintiff or his counsel occurred. The clear language of § 1692c(a) indicates that the required consent must occur before the alleged violation occurred ("prior consent") and be express -- not merely implied ("given directly to the debt collector"). Nothing in the record indicates that the MRG agent knew or learned that plaintiff's counsel was listening to the phone conversation before being advised by plaintiff that plaintiff was represented by legal counsel on the debt.

The court disagrees with plaintiff's argument that the court's prior ruling took the issue of consent out of the case. Rather, on defendants' earlier motion to dismiss for failure to state a claim, the court ruled,

> The court agrees with plaintiff that the mere fact [plaintiff] initiated the phone call is not conclusive that he thereby consented to the debt collector saying to plaintiff what plaintiff alleges. Without that consent by plaintiff, once notified that he has legal representation, [defendant] may only ask for the attorney's contact information before ending the call.

---

[1] There is authority that plaintiff bears the burden on this issue. See Montgomery v. Shermeta, Adams & Von Allmen, P.C., 885 F. Supp. 2d 849, 854-55 (W.D. Mich. 2012); Wright v. Ocwen Loan Serv., LLC, No. 12-14762, 2013 WL 5532687, at *6 (E.D. Mich. Oct. 7, 2013).

(Doc. 20 at 4.) That ruling did not take consent out of the case, but merely indicated that plaintiff's allegations did not establish consent which, defendant argued and still argues, bars plaintiff's § 1692c(a) claim.

Defendant's cross-motion for summary judgment defendant must be denied. The court concludes by the requirements that any consent by plaintiff or his counsel to what MRG's agent said must be expressed to defendant or its agent before the agent otherwise violated the Act. No such expression of consent occurred.

Plaintiff's motion for partial summary judgment of liability on plaintiff's § 1692c(a) claim is sustained. Defendant's cross-motion for summary judgment on plaintiff's § 1692c(a) claim is denied.

### 15 U.S.C. §§ 1692d and 1692f

The court has found that defendant violated § 1692c(a)(2). Plaintiff also alleges defendant MRG is liable under §§ 1692d and 1692f which provide:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d.

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

As stated in this court's earlier ruling on the motion to dismiss, whether or not a practice is harassing, abusive, false, misleading, or unfair is viewed from the eyes of the unsophisticated consumer. Peters, 277 F.3d at 1055. Furthermore, such allegations are highly fact intensive and are normally questions for the trier of fact at trial. Pratt v. CMRE Fin. Servs., Inc., No. 4:10 CV 2332 CEJ, 2011 WL 1212221, at *2 (E.D. Mo. Mar. 30, 2011) ; see also Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985).

There is a genuine issue of fact as to how an unsophisticated consumer would view the language of defendant's agent after learning plaintiff retained an attorney on the debt. Therefore, defendant's cross-motion for summary judgment regarding §§ 1692d and 1692f is denied (Doc. 25).

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Jason Istre for partial summary judgment of liability on the § 1692c(a) claim (Doc. 22) is sustained.

**IT IS FURTHER ORDERED** that the cross-motion of defendant MRG for summary judgment (Doc. 25) is denied.

       /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 9, 2015.